IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                           PLAINTIFF

      v.                           Civil No. 12-3039

LEW MARCZUK, Public
Defender; and TIMOTHY
BUNCH, Public Defender                                                   DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

David Stebbins has filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. At the time he filed the lawsuit, he was incarcerated in the Boone County Detention Center. The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA).

### 1. Background

According to the allegations of the complaint, Lew Marczuk and Timothy Bunch are public defenders who represented Stebbins in connection with a pending felony charge. Stebbins maintains neither Defendant "did even the simplest thing to actually defend" him. He maintains they did nothing to diligently assist in his case. As examples, he states: Bunch, without explanation, rescheduled his court date from February 24, 2012, until April 20, 2012; Marczuk, in an attempt to have him declared insane rather than innocent, had the Court order him to get medical treatment for his condition, Aspergers Syndrome; both attorneys failed to follow up on leads he provided them; and Stebbins maintains Marczuk actively provided information to the prosecutor that incriminated Stebbins.

-1-

As relief, Stebbins asks the Court to jointly order the Defendants to appoint, at their expense, a privately practicing attorney to represent him.

## 2.  Discussion

The screening provisions of the PLRA require the Court to determine whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).  Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  While pro se complaints are to be construed liberally, courts must still apply the "plausibility standard." *See Ventura-Vera v. Dewitt*,  417 Fed. Appx. 591, 592 (8th Cir. 2011).

In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings.  Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983.  *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir.

1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).  The claims against Marczuk and Bunch are clearly subject to dismissal.

Additionally, this case is subject to dismissal based on the Plaintiff's failure to obey an order of the Court.  By order entered March 19, 2012 (Doc. 4), Plaintiff was directed to file his complaint on the court-approved form.  He was given until March 30, 2012, to complete and return the complaint.  To date, he has not filed the complaint.  He has not requested an extension of time to submit the complaint.

### 3.  Conclusion

I recommend this complaint be dismissed as it is frivolous or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b).  I further recommend that this case be considered as a "strike" for purposes of 28 U.S.C. § 1915(g), and the District Court Clerk be directed to place a 1915(g) strike flag on the case.  Additionally, the complaint is subject to dismissal based on Plaintiff's failure to obey an order of the Court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of  April 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE